HAROLD MOORSTEIN & Co., INC., et al., Appellants, *v.* EXCELSIOR INSURANCE Co. OF SYRACUSE et al., Respondents.

First Department, December 17, 1968.

*Milton M. Meyer* of counsel (*Manuel S. Gottdenker,* attorney), for appellants.

*Robert F. Doran* of counsel (*Joseph A. Scalzo* with him on the brief; *Doran, Cunningham & Caserio,* attorneys), for respondents.

RABIN, J. Plaintiffs seek summary judgment based upon an assignment given to them by the Cooper Umbrella Co., Inc., for "fifty (50%) percent of its right, title and interest of, in and to the proceeds of its claim for a fire loss which it sustained on or about March 15, 1964". The assignment was duly filed with the defendants-respondents, and there is no question but that proper notice was given to them. At the time of the execution of the assignment the plaintiffs were two of several creditors of Cooper.

Subsequent to the assignment, an action was instituted by Cooper against the defendants to recover for the fire loss. That action was settled for the sum of $25,000. Both the institution of the action and the settlement thereof were without the knowledge of the plaintiffs. Prior to the settlement, the defendants

were served with various liens, levies and notices of garnishee by the Internal Revenue Service, the New York State Department of Labor, and the assignor's landlord (pursuant to a judgment recovered by it). In the stipulation of settlement between Cooper and the defendants-respondents it was provided that those liens and judgments, amounting to $8,868.56, plus an attorney's fee amounting to $5,000 to the lawyer representing Cooper were to be paid out of the settlement sum of $25,000. If these sums were paid there would be left a balance of $11,131.44. One half of that amount, to wit: $5,565.72 was tendered to the plaintiffs as representing 50% of '' the proceeds of [the] claim for [the] fire loss ''. The tender of that amount was rejected by the plaintiffs, who claimed that they were entitled to 50% of the gross amount of the settlement, that being $12,500., i.e., one half of $25,000.

Special Term denied summary judgment, finding that, at the very least, '' a triable issue exists as to plaintiffs' claim '' and as to the meaning of the assignment given to it.

We find no issue of fact to be tried in this case. Indeed, there is no dispute as to the facts and, consequently, no reason why this case cannot be decided without a trial. As indicated, the suit to recover for the fire loss was settled for $25,000. Before any of that amount could be applied for distribution to the parties, it was proper to deduct the fee of the attorney who conducted the litigation. We find that the sum of $5,000 to cover his fee and disbursements is not unreasonable, but is fair in the circumstances. Consequently, there remains the sum of $20,000 for division between the parties.

In his affidavit in support of the plaintiffs' motion for summary judgment, Harold Moorstein, the president of one of the plaintiffs, in explaining the circumstances in which the assignment was given, stated that Abraham Cooper, president of the assignor, in response to the plaintiffs' demands for money due them, said: '' that he had other creditors who were obviously entitled to be paid or receive moneys due them, in whole or in part, and that the remaining 50% of the proceeds which would remain unassigned would be used to pay these creditors. He further stated that some of these creditors were the Federal Government and State Agencies which had to be paid in full. Therefore he could not assign more than 50% of the claim to the plaintiffs.'' That statement must be accepted as true because it is not denied and, for the more important reason that the attorney for the defendant in his, the only affidavit submitted in opposition to the motion for summary judgment stated that

" the facts and circumstances as set forth in the affidavit of Harold Moorstein in support of the motion are substantially correct."

We, therefore, have the clear arrangement between the assignor and the assignees that, as between themselves, payment to the creditors of the assignor was to be taken out of its share of the proceeds and that no part be taken out of the plaintiffs' (assignees') share. Were it not for the fact that certain creditors, subsequent to the assignment, and prior to the settlement, served the defendants with notices of lien, levies and garnishee, there would be no problem as to how the remaining $20,000 should be divided. The plaintiffs would be entitled to $10,000 and the assignor to what, if anything, remained after paying the demanding creditors. There is no reason why the result should be any different simply because these creditors converted their claims to liens and judgments, particularly so, because we see no question or priorities where, as we here find, there was sufficient to satisfy and pay all of these lien holding creditors, solely from the share of the assignor. To divide the proceeds of the fire settlement in such manner would merely be carrying out what is conceded to be the agreement between the parties.

The defendants, having had timely notice of the assignment were, after discharging the outstanding liens, obliged to pay to the plaintiffs the amount which they were entitled to receive by virtue of the assignment. If after paying the attaching creditors the defendants were in doubt as to how the balance was to be divided, they could have availed themselves of the ample means provided by law for their protection.

Consequently, we hold that the plaintiffs were entitled to receive 50% of the $20,000 remaining after payment of the $5,000 — the attorney's fee.

We may add that were we obliged to decide the question of priorities as between the plaintiffs and the attaching creditors, we would hold that the assignment was entitled to priority. (See *Stathos* v. *Murphy,* 26 A D 2d 500, affd. 19 N Y 2d 883.)

Accordingly, the order dated February 29, 1968 should be reversed on the law and the motion of the plaintiffs for summary judgment be granted to the extent of directing that judgment be entered in their favor in the sum of $10,000, with interest, as prayed for in the complaint, together with costs and disbursements.

STEUER, J. P., TILZER, McGIVERN and McNALLY, JJ., concur.

Order entered February 29, 1968, unanimously reversed, on the law, with $50 costs and disbursements to appellants, the motion for summary judgment granted in the sum of $10,000, with interest, as prayed for in the complaint, with $10 costs, and the Clerk is directed to enter judgment accordingly, with costs.